## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-counter-defendant-Appellant,

v.

**Betty FALNESS, Personal Representative of the Estate of Anna Hugg and the Estate of John Hugg, Defendant-counter-claimant-Appellee.**

No. 91–15626.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 1992.

Submission Deferred March 17, 1993.

Resubmitted June 23, 1994.

Decided Nov. 2, 1994.

Ralph E. Hunsaker, Christopher Robbins, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, AZ, for plaintiff-counterdefendant-appellant.

Jim Robert Junker, Scottsdale, AZ, for defendant-counterclaimant-appellee.

Before: FLETCHER, POOLE, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

*FACTS AND PROCEDURAL HISTORY*

John and Anna Hugg were both named insureds in a policy of automobile liability insurance issued by State Farm Automobile Insurance Company (State Farm). Both were killed in a collision with another vehicle which was uninsured. It is undisputed that both John Hugg, who was driving the Huggs' vehicle at the time, and the other driver were negligent.

State Farm paid the estate of Anna Hugg the $100,000 policy limit for uninsured motorist coverage, but refused to pay anything under the liability coverage, contending that there was no coverage for Anna Hugg's claims, as she was a named insured. The policy issued by State Farm contained a number of exclusions, including the so-called

named insured exclusion, which provided that "There is no coverage ... for any bodily injury to: ... you." "You" was defined in the policy as "the named insured or named insureds shown on the declarations page."

State Farm filed an action in federal district court to resolve the coverage issue. The district court granted summary judgment for Mrs. Hugg's estate, holding that the named insured exclusion was unenforceable as a matter of Arizona law. State Farm appealed to this court.

We certified to the Arizona Supreme Court the question of whether the reasonable expectations doctrine applies to the named insured exclusion. The Arizona Supreme Court accepted certification. In an opinion issued on April 28, 1994, it held that the named exclusion was not facially invalid but that the doctrine of reasonable expectations applies to the insured exclusion. *State Farm Mutual Auto. Ins. Co. v. Falness,* 178 Ariz. 281, 872 P.2d 1233 (1994).

### DISCUSSION

In response to our certified question, the Supreme Court of Arizona told us that the named insured exclusion is neither invalid on its face nor automatically enforceable. *Id.* 872 P.2d at 1234. It commended to us a two-stage inquiry into the insured's reasonable expectations which involves an analysis of "the format and clarity of the policy, as well as the circumstances surrounding its acquisition and issuance." *Id.*

Although the Arizona Supreme Court said it could not make the determination on the record before it, we are in a position to do so since we have a fuller record. (We did not submit the entire record to the state court.) State Farm acknowledges, in its supplemental brief, that under the circumstances of this case, "[t]he determination of reasonable expectations is a question of law for the court."

One preliminary note is in order. State Farm has relied heavily upon *State Farm Mut. Auto. Ins. Co. v. Gibbs,* 139 Ariz. 274, 678 P.2d 459 (App.1983). However, *Gibbs*

preceded the Arizona Supreme Court's adoption of the reasonable expectations doctrine in *Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co.,* 140 Ariz. 383, 682 P.2d 388 (1984), and thus *Gibbs* did not apply that doctrine. In addressing our certified question, the Arizona Supreme Court did not mention *Gibbs.* Our review of *Gibbs* persuades us that the approach in *Gibbs* is contrary to the teachings of the reasonable expectations decisions from the Arizona Supreme Court, including the one rendered in this case. While the Arizona Supreme Court has not yet erected a headstone for *Gibbs,* the fact that it has been interred is now clear.

The Arizona Court of Appeals' decision in *State Farm Mut. Auto. Ins. Co. v. Dimmer,* 160 Ariz. 453, 773 P.2d 1012 (App.1988), guides our application of the reasonable expectations doctrine in the present case. The Dimmers had purchased substantially the same form of policy from State Farm as the Huggs did here. Mrs. Dimmer was injured in an accident due to the negligence of Mr. Dimmer, the driver. In denying coverage, State Farm relied on the household exclusion, which is the policy subpart immediately following the named insured exclusion relied on by State Farm to deny coverage here.

The appeals court reversed the trial court judgment in favor of State Farm, using essentially the same "format and clarity" analysis the Arizona Supreme Court stated in answering our certified question in this case. In *Dimmer,* the court reasoned that the declarations page and definition of "person" would have led a reasonably intelligent person in the Dimmers' position to conclude that the stated coverage amount "would apply in that amount no matter who was injured by an insured's negligence, as long as that person was a 'human being.'" *Id.* 773 P.2d at 1019.

It also noted that the applicable exclusion was on page six of a fifteen-page printed policy.[1] *Id.* After quoting the language, it stated that the language "might communicate clearly to a person trained in the law or the

---

1. The Huggs' policy is eighteen pages long and the exclusion is also set out on page six. The portion of the exclusion quoted in *Dimmer* is

identical to the same portion of the exclusion in the Huggs' policy. *See id.*

insurance business" that the amount of coverage was limited to the statutory amount. *Id.* at 1020. However, the test "is what the reasonably intelligent consumer who might check on his or her rights would understand." *Id.* (internal quotations omitted). It went on to state:

> Under the circumstances of this case, the "objective, reasonable expectations of the average insured" in the Dimmers' position would have included liability protection in the amount of $50,000 for any person—including Germaine Dimmer—with an automobile negligence claim against Sylvester Dimmer.

*Id.*

*Dimmer* correctly applies Arizona law. We see no meaningful distinction between finding coverage for the claims of the passenger spouse despite the *household* exclusion, and finding similar coverage for the claims of the passenger spouse despite the named *insured* exclusion, where the form of policy exclusion is basically the same. Whether the passenger spouse is considered as a named insured or as a member of the household, the insured driver would reasonably expect coverage for the spouse's claims.

We cannot make the specific factual inquiry suggested by the Arizona Supreme Court in this case because both Mr. and Mrs. Hugg are deceased. State Farm's agreement that the question is one of law suggests to us that there are no facts not in the record which would influence our analysis. However, the court in *Dimmer* did not rely on the factual claims of Mr. Dimmer; rather, it examined the form and clarity of the policy based on what a reasonable person purchasing the policy would understand and expect. It noted that the reasonable expectations doctrine applies even in the absence of proof of promises

or misrepresentations by an insurance agent. *Id.* at 1017, 1020.

The court went on to say:

> [A]pplication of the exclusion in question here does not turn on any unusual extrinsic fact about the insured that the insurer could not reasonably have been expected to know. Instead, as we have held, the exclusion in this case is unenforceable against the Dimmers because of its technical wording and inconspicuous location within the policy boilerplate, and because it guts the coverage ostensibly granted by the declarations page.

*Id.* at 1021.[2]

The Huggs ask for attorney's fees in this court under A.R.S. § 12–341.01. State Farm does not contest the applicability of that section to this action. In view of the proceedings in the Arizona Supreme Court, we are remanding the case to the district court for the purpose of setting an appropriate attorney's fee for Ms. Falness' efforts in this court and in the Arizona Supreme Court. In complying with this mandate, the district court may hold such hearings and enter such orders as it deems appropriate.

AFFIRMED AND REMANDED.

---

**2.** The problems noted in *Dimmer* are no less acute under the Huggs' policy. The insured and family exclusions say:

    THERE IS NO COVERAGE:

    ....

  2.  FOR ANY *BODILY INJURY* TO:

    ....

    c.  *YOU.*

    d.  *ANY:*

      1.  *INSURED,* OTHER THAN *YOU,* OR

      2.  FAMILY MEMBER OF AN *INSURED* RESIDING IN THE SAME HOUSEHOLD AS THE *INSURED.*

    If the reader of "c" understood herself as "*YOU,*" and that her bodily injury claim was not covered, then on reading "d," she could believe that, as an insured, her claims would be covered. Even a law degree might not qualify "*YOU*" to find a way through this thicket.